HARVEY TAINTER & others *vs.* EDWARD H. HEMENWAY & others.

A testator devised land, subject to a right which he gave to a trustee to sell and convey any of the same at his discretion for the payment of certain legacies and debts: The devisee brought a writ of entry to recover the land, against one having no title. It was held, that a sale and conveyance duly made by the trustee to the tenant, pending this action, was no bar to the demandant's recovery.

THIS was a writ of entry brought on the 19th of September, 1848, to recover three undivided eleventh parts of certain lands in Leicester. The defendants pleaded the general issue, and specified in defence a paramount title acquired since the commencement of the action.

The case was submitted to the court upon an agreed statement, embracing the following facts: At the time of bringing this action, the tenants were in the actual possession of the demanded premises, as disseisors of the demandants, who were residuary devisees of Ephraim Copeland. The appointment, by Copeland in his will, of Jonas Tucker as executor thereof and trustee under the same, Tucker's renunciation of the office of executor, the appointment of Dunbar as administrator, and Tucker's acceptance of the office of trustee, were agreed as stated in the next preceding case of *Clark* v. *Tainter.* On the third of January, 1848, Dunbar, after public notice, undertook to sell at public auction and to convey to the tenants the demanded premises. On the 30th of December, 1848, Tucker, as trustee as aforesaid, without any public notice, or any notice to the demandants, sold the demanded premises, and executed a deed thereof, to the tenants, for a consideration equal to that obtained by Dunbar, adding interest. It was agreed that a judgment should be entered on nonsuit or default, according to the opinion of the court upon the foregoing facts; saving the question of costs.

*L. Williams* and *J. H. Mathews,* for the demandants.

*I. M. Barton* and *P. C. Bacon,* for the tenants.

DEWEY, J. In this case, judgment must be rendered upon the state of the title as it was at the date of the writ. At that time, the tenants had no other conveyance than the deed from

Ebenezer Dunbar, the administrator, with the will annexed, of
Ephraim Copeland. That title is invalid, for the reasons
assigned in *Tainter* v. *Clark,* 13 Met. 220. The title, subse-
quently acquired by the tenants by a conveyance from Jonas
Tucker, although a good title, as is now held in the case of
*Clark* v. *Tainter,* decided at the present term, (*ante,* 567,) is no
sufficient answer to the present action. *Hall* v. *Bell,* 6 Met.
431. The result is, that the tenants must be defaulted;
and if the demandants assert a title under this judgment,
the tenants will resort to a new action under their newly ac-
quired title. The present judgment will be no bar to such an
action.                          *Judgment for the demandants.*